[No. 2,672.]

CATHERINE SLATTERY, ADMINISTRATRIX OF THE ESTATE OF MICHAEL SLATTERY, DECEASED, v. HENRY' HALL, ANDREW MILLS, EDWARD C. HIN-SHAW, ORTON HUBBELL, THOMAS McCUNE, AND JOHN SHARON.

<div style="float:right">43 191<br>82 505</div>

QUESTION OF AMBIGUITY NOT RAISED ON GENERAL DEMURRER FOR WANT OF FACTS.—Under a general demurrer that a complaint does not state facts sufficient to constitute a cause of action, an objection cannot be taken that it is merely ambiguous.

TRUST IN FAVOR OF SETTLERS IN POSSESSION—QUESTION ON DISPUTE AS TO POSSESSION.—Where a number of settlers on a Mexican grant deeded their claims and contributed money to trustees, under an agreement that the trustees were to buy up the grant title, and afterwards deed to each settler the land in his possession, and there was a dispute between two of the settlers as to the right to a deed of a particular piece: *held*, that though the extent of one's possession would generally be indicated by his fences, it was the fact of actual possession, with or without a fence, which would entitle the possessor to a deed.

APPEAL from the District Court of the Seventh Judicial District, Sonoma County.

The complaint, after setting forth the death of Michael Slattery, and the appointment and qualification of the plaintiff as his administratrix, and the possession of the deceased, and of the plaintiff, as his administratrix, of a portion (some two hundred and twenty acres) of the Blucher Rancho, in Sonoma County, describing it, proceeded to allege that while said plaintiff, and a great many other settlers, possessing other portions of the rancho, were so settled, and had such possession, it was ascertained that the land was claimed and held by a valid title then outstanding, and adverse to the said settlers; that thereupon, November 18th, 1865, said settlers, including plaintiff, appointed a committee, consisting of defendants Hall, Mills, Hinshaw, Hubbell, and Mc-Cune, " with an agreement and understanding that said committee would purchase and procure, for the benefit and

use of said settlers, including the plaintiff, and in trust for them, and each of them, including the plaintiff, any and all outstanding title, or titles, in said Blucher Rancho, held adversely to them, and to each of them;" that said committee accepted the trust, and promised and agreed to execute the same; that "it was mutually agreed by said settlers, and by said committee, that the parcels of lands possessed by them, and each of them, respectively, should be assessed as to the value of each tract separately, taking in the estimate quantity and quality of each parcel or tract of land possessed by each settler, and the value of each tract to be in such manner ascertained; that said assessment was made of all of said tracts of land, including the land of the plaintiff, in accordance with said agreement; that said assessment was to be made in reference to the amount said committee might have to pay for the whole of said Blucher Rancho; that the land above described was assessed to the plaintiff at the price of seven dollars per acre; that for the purpose of facilitating the action of said committee, and the better enabling them to carry out said agreement between said settlers and said committee, said settlers, including this plaintiff, did, on November 18th, 1865, make, execute, and deliver to said committee their joint deed in writing, whereby the said settlers, and each of them, including the plaintiff, conveyed to said committee, as joint tenants, and not as tenants in common, all the right and title owned and claimed by each of said settlers of, in, and to, said Blucher Rancho," which said deed was duly recorded; that said committee purchased all the outstanding titles to said rancho; that in accordance with said agreement, the plaintiff paid the entire assessment on the said tract of land claimed by Michael Slattery in his lifetime, being the tract before described; that after said payment, and before the commencement of suit, plaintiff demanded of said committee a proper deed to her, as such administratrix, which

she presented to them for execution; but that they had refused, and still refused, to execute or deliver the same, or in any manner to comply with their agreement with her, to her damage five hundred dollars."

The complaint proceeded to allege that the defendant Sharon pretended to some right or interest in a portion (twenty-four acres) of said land of plaintiff; that said pretended claim was without foundation, and had been set up to prevent the said committee from executing the deed to her; and prayed that Sharon might be compelled to set forth the claim " which he pretends to have to said portion of said land by him claimed, and detained, and withheld, and from which said Sharon has kept the plaintiff ousted since November 18th, 1865, to her damage three hundred dollars." The complaint closed with a prayer for damages as alleged; for an order compelling the trustees to execute a deed to her; for a writ of restitution compelling Sharon to deliver up the portion of said land claimed by him, and for general relief.

The defendants interposed a general demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled. They then answered, and set up that defendant Sharon was, and had been since 1861, in the continuous, open, notorious, adverse, and exclusive possession of the twenty-four acres of land in controversy; that Sharon was one of the settlers, and possessed other land; that all his lands, including the twenty-four acres, were, and had been since 1861, inclosed by his fences; that he, and not the plaintiff, was entitled, to the deed to the twenty-four acres piece; that a proper deed had been tendered to the plaintiff of all the land claimed by her, except said piece, and that she had refused it.

The cause was tried by the Court, and after much testi-

mony as to possession of the twenty-four acres piece, conflicting in its character, resulted in a judgment for the plaintiff as prayed, but without damages. The defendants moved for a new trial, which being denied, they appealed from the judgment and order.

*F. D. Colton,* for Appellants.

I. The complaint does not state facts sufficient to constitute a cause of action, and is insufficient to sustain the judgment rendered, in this: that there is no allegation in said complaint as to the manner in which the defendants Hall, Mills, Hinshaw, Hubbell, and McCune were to execute the alleged trust, nor as to whom they were to convey the lands purchased, nor as to what particular lands they were to convey to the plaintiff; and further, if it be held that they were to convey an undivided interest, the judgment requiring them to convey a specific tract by metes and bounds is erroneous.

II. A new trial should be granted, upon the ground that the testimony shows that the terms of the trust under which said defendants Hall, Mills, Hinshaw, Hubbell, and McCune received the deed from the settlers, and purchased the title to the Blucher Rancho, were that said defendants, trustees, were to deed to each of the settlers, for whom they held in trust, that portion of the Blucher Rancho included within the fences of such settler, and that the land in controversy was not included within the fences of said plaintiff at any time, but was at time of suit brought, and for more than six years next preceding had been, included within the fences of defendant, John Sharon.

*William Ross* and *C. W. Langdon,* for Respondent.

It sufficiently appears from the averments of the complaint what the duty of the trustees was. It is plain that it was their duty to purchase the title opposed to the rights of the

settlers. For whose benefit? Certainly for the benefit of the settlers. To what extent was this outstanding title opposed to the rights of the settlers? Certainly to the full extent, which to them pertained, had not such outstanding title existed. The doctrine taught in 2 Story's Eq. Jur., Sec. 1210, applies to this case; and from the facts stated there is a clear and definite conclusion of law in respect to the relation of the trustees to the settlers, and each of them. If the facts stated legally constitute a trust, it is sufficient. Here the plaintiff avers that she was in possession of a certain tract of land, which she describes; that she understood that another person had a valid title to it; that she ascertained it would require one thousand nine hundred and seven dollars and forty-five cents to purchase the title; that they received the money under an agreement to purchase it, and did with that money purchase it. Now, would it not be absurd to interpret such averments to mean that she expected them to purchase other, less, or more land than what she claimed by her description? What sufficiently appears in the pleading without a formal allegation, need not be expressly averred. (Co. Litt. 303; Yelv. 176, and note 2 N. Rep. 77. See, also, Practice Act, Sec. 70.)

As to the testimony, it was clearly shown that it was possession, and not merely inclosures by fences, that was to indicate the rights of the respective settlers. As to the facts of possession, the testimony of Sharon was contradicted in every important particular by a number of witnesses. The decisions, that a judgment will not under such circumstances be disturbed, are so numerous that it is unnecessary to recite them.


By the Court, WALLACE, J.:

The demurrer to the complaint was properly overruled; it was general—that the complaint did not state facts sufficient

to constitute a cause of action. Under such a demurrer objection cannot be taken that the complaint is merely ambiguous. We think, too, that the nature of the trust, and the manner in which it was to be executed, sufficiently appears by the complaint.

The evident purpose of the parties was, that upon contributing a proportionate share of the purchase money expended in acquiring the outstanding title to the general tract, each of the settlers was to receive a conveyance of the premises in his possession—and while the extent of these several possessions would generally be indicated by fences marking their respective limits, it was, nevertheless, the fact of actual possession of a particular tract, with or without a fence, which would entitle the possessor to receive a deed from the trustees.

Upon the question of possession involved between the plaintiff and the defendant, Sharon, the evidence was not only substantially conflicting, within the general rule, but pointedly and to an unusual degree contradictory.

Judgment and order affirmed.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.